[656 NYS2d 37]

In the Matter of Francis W. Palmieri, an Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, March 24, 1997

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana J. Szochet* of counsel), for petitioner.

*Jerome Karp, P. C.,* Brooklyn *(Mitchell K. Friedman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with two allegations of professional misconduct. The Special Referee

sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has submitted an affirmation in response requesting that the Court censure him for his errors.

Charge One alleged that the respondent has been guilty of conduct involving deceit and misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

The respondent represented Charnin Construction Co. (doing business as Ocean Plaza Real Estate, Inc.) in a dispute with Marine Bulkheading Inc. In or about November 1989 the respondent agreed to hold $6,200 in escrow pending Marine's completion of work on Charnin's property. Pursuant to that agreement, the respondent received a check, as attorney, in the amount of $6,200 drawn on the account of Ocean Plaza Real Estate, Inc. By letter dated November 20, 1989, the respondent forwarded a copy of the check to Marine's attorney. The respondent failed to deposit that check into his attorney escrow or other account. Moreover, he failed to disclose that fact to Marine's attorney, despite the latter's repeated demand for release of the funds.

Charge Two alleged that the respondent has been guilty of conduct reflecting adversely on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Upon review of the evidence adduced, we conclude that the Special Referee properly sustained both charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to temper its judgment with a measure of compassion in finding that his continued practice of law does not threaten the public. The respondent has been the subject of seven Committee-level sanctions between 1975 and 1994. However, the respondent points out that in view of his age, he would be unable to rebuild his practice after a suspension of any length. He has expressed extreme remorse for the underlying incident and disappointment that his client acted in less than an honorable manner. Significantly, the respondent acknowledged that his error in judgment may have prejudiced Marine Bulkheading and he paid its claims out of his own funds. The respondent cites an impressive list of community activities and has presented a number of character witnesses on his behalf. In view of all of the cir-

cumstances, the respondent is now publicly censured for his acts of professional misconduct.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and McGINITY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Francis W. Palmieri, is censured for his professional misconduct.